# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

TONY WILEY,

    Plaintiff,

*v*.                                                                    Case No. 06-CV-14442

COMMISSIONER OF                         DISTRICT JUDGE THOMAS L. LUDINGTON
SOCIAL SECURITY,                        MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is no longer disabled. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED, the FINDINGS OF THE COMMISSIONER BE REVERSED, and the case REMANDED to the Commissioner for an award of benefits.

## II.    REPORT

### A.    Introduction and Procedural History

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on cross-motions for summary judgment. (Dkts. 12, 15.)

Plaintiff filed an application for Supplemental Security Income benefits. (Tr. at 36.) The Commissioner granted the application, found Plaintiff disabled and awarded benefits. (*Id.*) Specifically, the Commissioner found that Plaintiff's condition met the requirements of Listed Impairments 12.03 (*Id.*)

On September 4, 2002, a Notice of Disability Cessation was forwarded to the Plaintiff, stating that the Commissioner had concluded that Plaintiff's medical condition had improved and that as of September 1, 2002 he was no longer considered disabled. (Tr. at 47-49.) Plaintiff requested reconsideration. (Tr. at 56.) Plaintiff met with a Disability Hearing Officer in late April, 2003. The next day, the Hearing Officer issued a Decision again finding that Plaintiff's disability had ceased as of September 1, 2002. (Tr. at 60-66.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 82.) On October 21, 2004, Plaintiff appeared before ALJ Dean C. Metry. (Tr. at 242-280.) In a Decision issued March 7, 2005, the ALJ found that Plaintiff's disability and ceased as of September 1, 200. (Tr. at 20-29.) Plaintiff sought review of this unfavorable decision. (Tr. at 9-19.) The ALJ's decision became the final decision of the Commissioner on September 27, 2006, when the Appeals Council denied Plaintiff's request for review. (Tr. at 5-7.) On October 27, 2006, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

## B. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo*[.]" *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

### C. Governing Law

**1. Social Security Act**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

As mentioned, the standard for judicial review is whether there is substantial evidence to support the Secretary's decision that the plaintiff's condition has improved to the extent that he or she can can perform substantial gainful activity. *Casiano, Jr. v. Heckler*, 746 F.2d 1144 (6th Cir.1984). The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions. *Id.* at 1148.

**2. Termination of Benefits**

20 C.F.R. §416.994(a) provides that an individual's entitlement to benefits under the Social Security Act will be reviewed periodically for continued entitlement to benefits. In those cases, the central question is whether the claimant's medical impairments have improved to the point where the claimant is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1). Improvement is measured from "the most recent favorable decision" that the claimant was disabled. 20 C.F.R. § 416.994(b)(1)(i). There is no presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-287, n. 1 (6th Cir.1994). Instead, the Commissioner applies the procedures that are outlined in 20 C.F.R. §§ 404.1594 and 416.994 to determine whether a claimant's disability has ended and that she is now able to work.

The first part of the evaluation process focuses on medical improvement. The implementing regulations define a medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A determination of medical improvement "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." *Id.* A medical improvement is related to an individual's ability to work only "if there has been a decrease in the severity ... of the impairment(s) present at the time of the most recent favorable medical decision and an increase

5

in your functional capacity to do basic work activities ..." 20 C.F.R. § 404.1594(b)(3). *See also Nierzwick v. Commissioner of Social Security,* 7 Fed. Appx. 358, 2001 WL 303522 (6th Cir.2001).

The second part of the evaluation process relates to ability to engage in substantial gainful activity. The implementing regulations incorporate many of the standards set forth in regulations governing initial disability determinations. See 20 C.F.R. § 404.1594(b)(5) and (f)(7). The difference, however, is that the ultimate burden of proof lies with the Commissioner in termination proceedings. *Id.; Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir.1991).

### D. Administrative Record

Evidence contained in the administrative record and presented to the ALJ indicates that mid July 2002, Plaintiff underwent a psychological examination conducted at the request of the Disability Determination Service by Margaret Zerba, Ph.D. (Tr. at 188-193.) In late December 2002, Plaintiff underwent a physical examination conducted at the request of the Disability Determination Service by Dr. Tangalos, M. D. (Tr. at 194-198.) In May and November 2003, Plaintiff underwent electromyographic studies. (Tr. at 207, 209.) In 2004, Plaintiff was admitted to Havenwyck Hospital on multiple occasions, (Tr. at 210-211, 203-206) and was seen on a regular basis by Dr. Samir. If (Tr. at 222-230.)

### E. ALJ's Findings

In his Decision, the ALJ evaluated medical evidence presented as well as the testimony elicited during the administrative hearing and found that Plaintiff's medical condition had improved, and that the improvement was related to her ability to work. The ALJ concluded that as of September 1, 2002, Plaintiff possessed the residual functional capacity to return limited range of light exertion work. (Tr. at 27-29.)

### F. Review of ALJ's Determination

1.  **Legal Standards**

Light work is defined by the Commissioner, for grid purposes, as follows:

Light Work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The Commissioner has also ruled that:

The major difference between sedentary and light work is that most light jobs -- particularly those at the unskilled level of complexity -- require a person to be standing or walking most of the workday. Another important difference is that the frequent lifting or carrying of objects weighing up to 10 pounds (which is required for the full range of light work) implies that the worker is able to do occasional bending of the stooping type; i.e., for no more than one-third of the workday to bend the body downward and forward by bending the spine at the waist. Unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers. Rather, they require gross use of the hands to grasp, hold and turn objects.

SSR 83-14.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's cessation of benefits analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

2.  **Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite

conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

On this record, I suggest that substantial evidence fails to support the ALJ's findings and conclusions regarding both medical improvement and residual functional capacity. In this circuit,

> . . . the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983). In fact, pursuant to agency regulations, if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." 20 C.F.R. § 404.1527(d)(2) (1997) (entitled "Evaluating medical opinions about your impairment(s) or disability.").

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1998).

Moreover, "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam); *see also Fife v. Heckler*, 767 F.2d 1427, 1431 (9th Cir. 1985). In this case, I suggest that the ALJ placed undue and inappropriate emphasis upon the physical and psychological examinations conducted for the Commissioner by the Disability Determination Service, in contravention of the holdings in *Walters* and *Broughton, supra.* As a result, the ALJ overlooked the consistent objective medical findings of Plaintiff's treating physicians documenting both his mental and physical impairments. (Tr. at 203-206, 207, 230). These medical findings, particularly as regards Plaintiff's physical impairments are, I suggest, amply supported by the results of objective medical tests. (Tr. at 207, 209.)

With specific regard to Plaintiff's mental impairments, the ALJ stated that the evidence "presents a puzzling picture[.]" (Tr. at 26.) I suggest that, as eloquently pointed out by counsel for

Plaintiff (Dkt. at 12, p. 15), the solution to the "puzzle" as well as the explanation for Plaintiff's statements both to employees of the Commissioner (Tr. at 61) and a substantial portion of his testimony before the ALJ (Tr. at 256, 268-269), lies in the nature of Plaintiff's mental impairment itself. While it is likely that claimants with Plaintiff's combination of impairments are not frequently seen, the ALJ's failure to understand the effects of Plaintiff's mental impairment on his outward behavior, coupled with ALJ's failure to credit the testimony of Plaintiff's counselor (Tr. at 258-259, 270-271), fatally infect both ALJ's conclusion as to Plaintiff's mental impairments and Plaintiff's credibility.

Accordingly, because I conclude that the medical evidence of record adequately and consistently establishes Plaintiff's entitlement to benefits, I suggest that remand for an award of benefits is appropriate. *Mowrey v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/ *Charles E Binder*
                                           CHARLES E. BINDER
Dated: December 28, 2007                 United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson, Kenneth Laritz, and the Commissioner of Social Security, and on District Judge Thomas L. Ludington in the traditional manner.

Date: December 28, 2007          By     s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder