UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY WILEY,

        Plaintiff,

                                    Case Number 06-14442-BC

v.                                     Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION, SUSTAINING DEFENDANT'S OBJECTION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Tony Wiley ("Plaintiff") filed a complaint before this Court against Defendant Commissioner of Social Security ("Defendant") for terminating his disability benefits. Dkt. # 1. In 2007, the parties filed cross-motions for summary judgment, which the Court referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1). Judge Binder issued a report and recommendation that this Court should grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and reinstate Plaintiff's disability benefits. Dkt. # 16. Defendant objected, asking this Court to reject the magistrate judge's report and recommendation. For the reasons stated below, the Court will **REJECT** the report and recommendation, **SUSTAIN** Defendant's objections, **GRANT** Defendant's motion for summary judgment, and **DENY** Plaintiff's motion for summary judgment.

I

On January 16, 1990, Defendant approved Plaintiff's application for supplemental disability benefits as a result of a diagnosis for paranoid schizophrenia. TR at 36. On September 4, 2002,

Defendant concluded that Plaintiff's condition improved to the point where he was no longer disabled and terminated his benefits. TR at 47. After Defendant affirmed its decision on reconsideration, Plaintiff sought a hearing before an administrative law judge ("ALJ").

On March 7, 2005, the ALJ also concluded that Plaintiff no longer met the definition of disabled. TR at 23-29. The ALJ found that Plaintiff had engaged in "substantial" employment for periods in 1995 and 2000. TR at 25. The record demonstrated that Plaintiff suffered from "medically determinable 'severe' impairments [of] schizophrenia/depression and carpal tunnel syndrome," however, these ailments did not satisfy "the criteria of a listed impairment." TR at 23, 28. The ALJ noted that before the initial determination of disability, Plaintiff had been hospitalized several times, experienced delusions, and undertaken restricted daily activities. AR at 26. In between 1990 and 2004, a fourteen year period, Plaintiff was not hospitalized for his mental condition. *Id.* The ALJ noted, however, that Plaintiff was hospitalized for mental health issues in January and April of 2004. *Id.*

In denying Plaintiff's appeal, the ALJ relied on Plaintiff's testimony, including statements: (1) denying he suffered from mental health problems; (2) describing "relatively normal activities of daily living;" and (3) acknowledging his ability to care for personal needs and undertake "normal household activities." *Id.* The ALJ also noted the testimony of Plaintiff's girlfriend that Plaintiff had "improved and was 'pretty much okay.' " *Id.*

The ALJ also examined a therapist that provided bi-weekly care to Plaintiff. *Id.* The therapist testified that Plaintiff was "independent in his activities," but lacked motivation to engage in volunteer or employment opportunities. *Id.* Although Plaintiff occasionally appeared confused, the therapist had not observed mood swings. *Id.*

Plaintiff also underwent a psychological consultative medical examination in July of 2002. *Id.* At that time, Plaintiff exhibited some unstable behavior, but Plaintiff believed carpal tunnel syndrome was his only impairment. *Id.* The examiner evaluated Plaintiff's global assessment of functioning ("GAF") as 51 – a score of 51 to 60 demonstrating "moderate symptomatology." *Id.*

Based on this evidence, the ALJ concluded that effects of Plaintiff's schizophrenia ceased to satisfy the definition of disabled. *Id.* Consequently, Plaintiff's ability to work had improved, in the view of the ALJ. *Id.*

The ALJ also considered carpal tunnel syndrome as a potential basis for finding Plaintiff disabled. *Id.* at 27. The ALJ summarized the results of various medical examinations of his physical ailments as follows:

> [Plaintiff] reported a [fifteen] year history of carpal tunnel syndrome. The doctor was unable to find any clinical evidence as to this. Particularly, Phalen's and Tinel's signs were negative. In May 2003, [Plaintiff] underwent objective testing to evaluate his reported carpal tunnel syndrome. He refused EMG, but sensory evoked potentials identified moderate to severe right and moderate left carpal tunnel syndrome. In January 2004, progress notes from his primary physician indicated a positive Tinel's sign. He received an injection in September 2004 and reported significant benefit such that the pain was tolerable in his right hand. In October, he indicated that he had back pain with mild lower extremity weakness.

*Id.* The ALJ rejected Plaintiff's physical ailments, finding the assertions "not fully credible." *Id.* A vocational expert believed, assuming Plaintiff's complaints of carpal tunnel syndrome were not credible, that Plaintiff could perform numerous available jobs. *Id.* If Plaintiff's testimony was fully credible, the vocational expert acknowledged Plaintiff's physical ailments would render him disabled. *Id.* at 28. Ultimately, the ALJ affirmed the termination of Plaintiff's disability benefits.

On reference from this Court, the magistrate judge concluded that the ALJ employed the proper legal standards, but that his final determination was not supported by substantial evidence.

Judge Binder provided the following review of the ALJ's determinations:

> On this record, I suggest that substantial evidence fails to support the ALJ's findings and conclusions regarding both medical improvement and residual functional capacity.
>
> \*    \*    \*
>
> Moreover, "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir. 1985) (per curiam); *see also Fife v. Heckler*, 767 F.2d 1427, 1431 (9th Cir. 1985). In this case, I suggest that the ALJ placed undue and inappropriate emphasis upon the physical and psychological examinations conducted for the Commissioner by the Disability Determination Service, in contravention of the holdings in Walters and Broughton, supra. As a result, the ALJ overlooked the consistent objective medical findings of Plaintiff's treating physicians documenting both his mental and physical impairments. (Tr. at 203-206, 207, 230). These medical findings, particularly as regards Plaintiff's physical impairments are, I suggest, amply supported by the results of objective medical tests. (Tr. at 207, 209.)
>
> With specific regard to Plaintiff's mental impairments, the ALJ stated that the evidence "presents a puzzling picture[.]" (Tr. at 26.) I suggest that, as eloquently pointed out by counsel for Plaintiff (Dkt. at 12, p. 15), the solution to the "puzzle" as well as the explanation for Plaintiff's statements both to employees of the Commissioner (Tr. at 61) and a substantial portion of his testimony before the ALJ (Tr. at 256, 268-269), lies in the nature of Plaintiff's mental impairment itself. While it is likely that claimants with Plaintiff's combination of impairments are not frequently seen, the ALJ's failure to understand the effects of Plaintiff's mental impairment on his outward behavior, coupled with ALJ's failure to credit the testimony of Plaintiff's counselor (Tr. at 258-259, 270-271), fatally infect both ALJ's conclusion as to Plaintiff's mental impairments and Plaintiff's credibility.
>
> Accordingly, because I conclude that the medical evidence of record adequately and consistently establishes Plaintiff's entitlement to benefits, I suggest that remand for an award of benefits is appropriate.

Dkt. # 16 at 7-9.

Defendant timely filed an objection, and Plaintiff responded to the objection. The report and recommendation and the objection are presently before the Court.

II

The Court reviews Defendant's decision to determine whether its "factual findings . . . are supported by substantial evidence." *Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990) (*citing* 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

III

Defendant's objection advances three substantive challenges to the conclusion that the ALJ's determination was not supported by substantial evidence. First, Defendant contends Plaintiff's medical providers were improperly characterized as "treating physicians." Dkt. # 17 at 2-3. Second, Defendant asserts that Plaintiff's medical impairments were not "amply supported by objective medical tests." *Id.* at 3-4. Finally, Defendant challenges the finding that "the ALJ's conclusion as to Plaintiff's mental impairments and credibility is fatally infected because of the ALJ's failure to understand the effects of Plaintiff's mental impairment on his outward behavior, coupled with the ALJ's failure to credit the testimony of Plaintiff's counselor." *Id.* at 4. Each objection shall be addressed in turn.

When evaluating a claim for disability benefits, an ALJ is required to consider the medical opinions "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the

claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). If those opinions are consistent with other sufficient objective evidence, then the ALJ is bound to those opinions. 20 C.F.R. § 404.1527(c)(1). If the record contains inconsistent evidence, however, then the ALJ must "weigh the evidence" together to make a determination. 20 C.F.R. § 404.1527(c)(2). The ALJ must give a treating physician "controlling weight" if the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2). A treating physician is a medical professional that is "able to provide a detailed, longitudinal picture of [the claimant's] medical impairments . . . [that] cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* In evaluating the degree of weight to place on a treating physician's opinion, the ALJ considers various factors, including the amount of evidence supporting an opinion, and the opinion's consistency with the entire record. 20 C.F.R. § 404.1527(d)(3-5). "A physician qualifies as a treating source if the claimant sees her with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007) (*quoting Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (*quoting* 20 C.F.R. § 404.1502)). For example, the Sixth Circuit, in *Smith*, concluded that one or two examinations did not establish medical providers to be a treating physicians under the regulations guiding a claim for benefits. 482 F.3d at 876.

Here, the report and recommendation concluded that the ALJ "overlooked the consistent medical findings of Plaintiff's treating physicians documenting both his mental and physical

impairments." Dkt. # 16 at 8. Defendant emphasizes that report and recommendation did not identify the medical providers or the specific opinions that were considered "treating physicians," but the report did cite to pages 203 through 207 and page 230 of the transcript. *Id.* These pages refer to a "discharge summary" report drafted by Mamoun Dabbagh, M.D. after Plaintiff was hospitalized, TR at 203-206, the results from a nerve conduction study administered by Brian Roth, M.D., TR at 207, and report drafted by Hazem Samir, M.D., TR at 230. As Defendant emphasizes, the record does not indicate that these medical providers are able to describe "a detailed, longitudinal picture of [the claimant's] medical impairments." 20 C.F.R. § 404.1527(d)(2). Rather, these opinions emerge from consultative examination reports and a discharge report from four or five day hospitalization, types of medical treatment specifically referenced by the regulations not to be considered as treating opinions. Thus, the opinions contained in the referenced pages do not warrant "controlling weight."

Next, the report and recommendation concludes that these opinions regarding Plaintiff's carpal tunnel syndrome are bolstered by objective medical data. Dkt. # 16 at 8 (*citing* TR at 207, 209). While data does exist that supports the finding of carpal tunnel syndrome, the regulations require the ALJ to consider the entire record. The ALJ noted inconsistent examination results and treatment that reduced pain to "tolerable" levels. Moreover, Defendant emphasizes that the record contains additional objective evidence supporting the ALJ's findings (e.g. Plaintiff demonstrated full dexterity of his hands). *See* dkt. # 17 at 3-4. The record does not support the conclusion that "the ALJ placed undue and inappropriate emphasis upon the physical . . . examinations conducted . . . by the Disability Determination Service." Thus, the ALJ permissibly weighed the medical opinions of physicians that provided treatment and of the physical examiner, reaching the conclusion

– that Plaintiff's carpal tunnel syndrome was not disabling – was supported by substantial evidence.

On a related note, Defendant also objects to the conclusion in the report and recommendation that Plaintiff's physical impairments were amply supported by the record. As stated above, evidence exists in support of and contrary to Plaintiff's claim of carpal tunnel syndrome. Regardless of whether the Court agrees with the ultimate determination, the ruling must be upheld if the evidence supports the conclusion reached by the ALJ. *See Her v. Comm'r of Soc. Sec*, 203 F.3d 388, 389-90 (6th Cir. 1999). Because the ALJ's decision that Plaintiff's carpal tunnel syndrome does not render him disabled was based on sufficient evidence, the Court must defer to that determination.

Lastly, Defendant objects to the report and recommendation's conclusion that the ALJ misunderstood "the effects of Plaintiff's mental impairment on his outward behavior. . . ." Dkt. # 16 at 9. Defendant maintains this amounts to a collateral attack on the ALJ's finding concerning Plaintiff's credibility. TR at 27. A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). At this stage of review, the Court must defer to the credibility determinations of the ALJ.

IV

Notwithstanding evidence supporting Plaintiff's claims of disability, substantial evidence exists supporting the ALJ's conclusions. Under the governing standards, the Court concludes that the ALJ's decision was within the range of discretion allowed by law.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 16] is **REJECTED**. Defendant's objection to the report and recommendation [Dkt. # 17] is **SUSTAINED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 15] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 12] is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: August 28, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2008.

> s/Tracy A. Jacobs
> TRACY A. JACOBS

---